

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUL 31 2014

CHIEF JUSTICE

This opinion was filed for record
at 8:00 a.m. on July 31, 2014

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LK OPERATING, LLC, a Washington limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | NO. 88846-9 |
| v. | ) ) | |
| THE COLLECTION GROUP, LLC, a Washington limited liability company; and BRIAN FAIR and SHIRLEY FAIR, husband and wife, and the marital community composed thereof, | ) ) ) ) ) ) ) ) | EN BANC |
| Appellants. | ) ) | Filed JUL 31 2014 |
| BRIAN FAIR and SHIRLEY FAIR, and the marital community composed thereof; and THE COLLECTION GROUP, LLC, a Washington limited liability company, | ) ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| LESLIE ALAN POWERS and PATRICIA POWERS, husband and wife, and KEITH THERRIEN and MARSHA THERRIEN, husband and wife, | ) ) ) ) ) | |
| Respondents/Cross-Appellants. | ) ) | |

FAIRHURST, J.—In this case and its companion, *LK Operating, LLC v. Collection Grp., LLC*, No. 88132-4, we consider issues arising from a joint venture agreement regarding a debt collection business. The debt collection business operated according to the terms of the joint venture agreement, as originally proposed, from approximately winter 2005 through summer 2007, at which time the disagreements underlying the present litigation surfaced. In this opinion, we consider whether the trial court erred in applying the doctrine of equitable indemnification (also known as the "ABC Rule"[1]) to hold that the legal malpractice plaintiffs here suffered no compensable damages as a matter of law and that summary judgment dismissal was appropriate.

We adhere to established precedent. Where the only damages claimed by a legal malpractice plaintiff are attorney fees incurred in a separate litigation and the only legal basis on which plaintiff asserts those fees are compensable is the ABC Rule, then the defendant is entitled to summary judgment dismissal if the ABC Rule does not apply to the undisputed facts as a matter of law. That was the situation presented here. We decline the invitation to reexamine the ABC Rule in the legal malpractice context because that issue was not raised below. We affirm.

---

[1]The parties primarily use the term "ABC Rule," so we use that term as well.

## I.    FACTUAL AND PROCEDURAL HISTORY[2]

At all relevant times, Leslie Powers and Keith Therrien (hereinafter referred to as Powers) practiced law as Powers & Therrien PS (Law Firm). LK Operating (LKO), a limited liability company (LLC), was a Law Firm client at all relevant times. LKO is managed by Powers & Therrien Enterprises Inc. (P&T Enterprises). Leslie Powers and Keith Therrien are the officers of P&T Enterprises.

In early 2004, Brian Fair became a Law Firm client in his personal capacity. Several months later, Fair formed The Collection Group LLC (TCG) to run a debt collection business. In late 2004, Fair approached Powers about a plan to operate TCG as a joint venture. Fair proposed that each party would contribute 50 percent of the costs, Fair would provide administrative and management services, Powers would provide legal services, and each party would own 50 percent of TCG. Ultimately, Fair's joint venture proposal was accepted via performance of its terms—LKO contributed the costs, and Powers provided the legal services. This arrangement was not formalized in writing. The parties dispute whether TCG was aware that the costs and the legal services were being provided by two distinct entities.

---

[2]We include only the factual and procedural history necessary to provide context for our resolution of the issue presented. For a more detailed recitation of the underlying factual and procedural history, please see the companion case, *LK Operating, LLC v. Collection Grp., LLC*, No. 88132-4 (Wash., argued Oct. 8, 2013).

In April 2007, Fair proposed to Powers a formalized joint venture agreement modifying TCG's ownership structure from that originally proposed based on Fair's assessment of each party's contributions up to that time. Powers objected, asserting that the joint venture agreement provided for a 50/50 ownership and that P&T Enterprises, through its attorney, asserted that Powers did not have or claim any interest in TCG because LKO and TCG were the only parties to the joint venture agreement.

In July 2007, LKO filed a complaint in Chelan County Superior Court, cause no. 07-2-00652-9, against Fair and TCG for declaratory relief regarding the allocation of ownership interests in TCG, breach of contract, and breach of fiduciary duty (the contract action). In early 2008, Fair and TCG filed a complaint in Chelan County Superior Court, cause no. 08-2-00044-8, against Powers for legal malpractice (malpractice action). The trial court consolidated the contract and malpractice actions.

All the parties moved for summary judgment in the consolidated case. The trial court held that Leslie Powers violated former RPC 1.7 (1995) because the Law Firm simultaneously represented LKO and Fair without obtaining informed consent from either.[3] The trial court determined that rescission of the joint venture agreement

---

[3]The trial court held there was a genuine issue of fact as to whether this violation could be imputed to Keith Therrien.

was the appropriate remedy for this violation. This resolved the merits of the contract action, and the trial court then held a bench trial and issued a final judgment regarding the contract action damages. The trial court then took up the issues remaining in the malpractice action.

Fair and TCG moved for partial summary judgment, arguing that Powers was liable for legal malpractice as a matter of law. Powers filed a cross motion for summary judgment, arguing that Fair and TCG could not show they had incurred any compensable damages warranting dismissal of the malpractice action as a matter of law. Fair and TCG argued they incurred attorney fees in the contract action, which were compensable damages in the malpractice action under the ABC Rule.

The trial court held that Fair and TCG were not entitled to recover attorney fees expended in the contract action under the ABC Rule. Because Fair and TCG asserted no other damages and no other basis on which their contract action attorney fees were compensable, the trial court dismissed the malpractice action.

Fair and TCG appealed. On the parties' joint motion, we granted the direct appeal in the malpractice action, which we heard as a companion case to the petition for review granted in the contract action. *LK Operating, LLC v. Collection Grp., LLC*, 176 Wn.2d 1027, 301 P.3d 1048 (2013). We affirm.

## II.  ISSUES[4]

1.    Did the trial court err in holding that the ABC Rule does not apply here?

2.    Did the trial court err in dismissing the malpractice action on summary judgment?

3.    Should this court craft a new or modified equitable rule governing compensability of attorney fees claimed as consequential damages in legal malpractice actions?

## III.  STANDARD OF REVIEW

Appellate review of summary judgment determinations, including those made in the context of the ABC Rule, is de novo. *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wn. App. 352, 359, 110 P.3d 1145 (2005). We construe the facts in favor of Fair and TCG, the nonmoving parties. *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 104, 297 P.3d 677 (2013).

---

[4]Powers assigns error on cross appeal to the trial court's holding that the joint venture agreement was entered in violation of former RPC 1.7. Because it is unnecessary to our decision here but highly relevant to the issues raised on review in the companion case, former RPC 1.7 is addressed in the companion case only. *Cf.* RAP 2.4(b)(1); *Sprague v. Safeco Ins. Co. of Am.*, 174 Wn.2d 524, 528, 276 P.3d 1270 (2012).

Powers also assigns error to the Court of Appeals' holding that the joint venture agreement was entered in violation of former RPC 1.8(a)(2000). That determination was reached in the direct appeal in the contract action and not in any phase of the malpractice action. We therefore address former RPC 1.8(a) in the companion case only.

Finally, Powers assigns error to the trial court's holding that it was undisputed there was an agreement between Powers and Fair. Powers does not make any argument in support of this assignment of error, and so we do not consider it. RAP 10.3(a)(6); *In re Estate of Lint*, 135 Wn.2d 518, 531-32, 957 P.2d 755 (1998).

# IV.   ANALYSIS

In the malpractice action, TCG and Fair alleged only one form of damages—attorney fees incurred in the contract action. TCG and Fair asserted only one basis on which those damages were compensable—the ABC Rule. The trial court held that the ABC Rule did not apply as a matter of law and dismissed the malpractice action because TCG and Fair could not establish a necessary element of their legal malpractice claim. We affirm.

A.   The trial court did not err in holding TCG and Fair could not satisfy the necessary elements of the ABC Rule as a matter of law

Washington State courts follow the "American Rule"—even as to a prevailing party, "attorney fees are not available as *costs or damages* absent a contract, statute, or recognized ground in equity." *City of Seattle v. McCready*, 131 Wn.2d 266, 275, 931 P.2d 156 (1997). The ABC Rule is an equitable rule under which attorney fees are compensable as consequential damages in certain situations. *Blueberry Place*, 126 Wn. App. at 358. The ABC Rule has three elements: "'(1) a wrongful act or omission by A . . . toward B . . . ; (2) such act or omission exposes or involves B . . . in litigation with C . . . ; and (3) C was not connected with the initial transaction or event . . . , viz., the wrongful act or omission of A toward B.'" *Id.* at 359 (quoting *Manning v. Loidhamer*, 13 Wn. App. 766, 769, 538 P.2d 136 (1975)). All three elements must be satisfied for the ABC Rule to apply. *Id.* Because Fair and TCG

cannot satisfy the third element, they cannot recover their contract action attorney fees under the ABC Rule.

Analysis of the third element depends on "whether the action, for which attorney's fees are claimed as consequential damages, is brought or defended by third persons—that is, persons not privy to the contract, agreement or events through which the litigation arises." *Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 196, 390 P.2d 976 (1964). TCG and Fair offer several alternatives as to what, precisely, is the event from which the contract litigation arose—they assert the contract action arose from "not only [Powers'] concurrent representation of clients with differing interests, but going into business with an existing client without necessary safeguards"; and that the "attorneys purported to pass their 'business opportunity' with Mr. Fair off to LKO." Br. of Appellants at 18-19. Because we construe the facts in TCG's and Fair's favor, we presume that the contract action arose from one or more of those events. However, no matter how narrowly the ABC Rule is construed, and regardless of which underlying events one considers, LKO was privy to all of them.

If the wrongful action was Powers providing concurrent representation to LKO and Fair in violation of former RPC 1.7, LKO was connected to that action as one of the clients wronged by it. If the wrongful action was Powers entering the joint venture agreement without complying with former RPC 1.8(a), LKO was connected

to that action as a participant in the joint venture agreement. If the wrongful action was Powers' passing off a business opportunity to LKO, the very statement of the wrongful act is sufficient to demonstrate LKO was connected to it. Indeed, Fair and TCG themselves state, "LKO's claimed ownership of TCG was at the heart of the attorneys' misconduct, and their family corporation LKO was inextricably linked to the attorneys' wrongful conduct toward their clients Fair and TCG." Reply Br. of Appellants at 17.

To return to the terminology of the ABC Rule, where C (LKO) is "inextricably linked" with all the alleged wrongful actions by A (Powers) that involved B (Fair and TCG) in litigation with C (LKO), it cannot be the case that "C was not connected with . . . the wrongful act or omission of A toward B." *Blueberry Place*, 126 Wn. App. at 359. The third element of the ABC Rule is thus not met as a matter of law. Because our holding regarding this third element is dispositive, we need not address the parties' arguments regarding the other elements of the ABC Rule.

B.   **The trial court did not err in dismissing the malpractice action on summary judgment**

TCG and Fair argue the trial court misapplied the ABC Rule because "[t]his equitable indemnity doctrine was never intended to be an absolute *defense* to an award of fees as consequential damages for professional malpractice. Yet that was how it was misused here." Reply Br. of Appellants at 2. That is simply incorrect.

An "absolute defense," synonymous with a "real defense," is "good against any possible claimant." BLACK'S LAW DICTIONARY 484-85 (9th ed. 2009). However, where the ABC Rule does not apply as a matter of law, it operates as a defense against only a limited set of potential legal malpractice claimants—those whose sole alleged damages are attorney fees incurred in a separate litigation and whose only argument supporting compensability of those fees is the ABC Rule. This narrow set clearly does not encompass "any possible claimant"—for instance, those who seek damages other than attorney fees incurred in separate litigation. *E.g.*, *Matson v. Weidenkopf*, 101 Wn. App. 472, 3 P.3d 805 (2000) (damages in the form of amounts due under promissory notes that could have been collected but for the attorney's failure to act on the notes within the statute of limitations).

Here, the trial court granted summary judgment because, even assuming Powers committed legal malpractice, TCG and Fair could not show compensable damages, a necessary element to sustain their malpractice action. *Hizey v. Carpenter*, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992). Where a plaintiff cannot meet a necessary element of the relevant cause of action, summary judgment for the defendant is appropriate. *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005).[5]

---

[5]We note the ABC Rule also was not employed here as an *affirmative* defense—the lack of compensable damages "had the effect of destroying, not avoiding, [the malpractice] cause of action." *Morse v. McGrady*, 49 Wn.2d 505, 508, 304 P.2d 691 (1956).

C.     We decline to modify the ABC Rule in this opinion

For the first time on appeal, Fair and TCG argue we should craft a new or modified equitable rule for the recovery of attorney fees claimed as consequential damages in legal malpractice actions. We do not, at this time, specifically reject those arguments, but we will not consider them when raised for the first time on appeal. RAP 2.5(a).

## V.     CONCLUSION

The trial court did not err in holding that the attorney fees Fair and TCG incurred in the contract action are not compensable under the ABC Rule. Because they claimed no other damages or basis for damages, Fair and TCG could not meet a necessary element to sustain their cause of action for legal malpractice. The trial court thus did not err in dismissing the malpractice action on summary judgment. Fair and TCG did not raise the question of whether we should modify the ABC Rule in the context of legal malpractice actions below, and so we decline to consider it. The trial court is affirmed.

Fairhurst. J.

WE CONCUR:

Madsen, C.J.

Stephens, J.

Johnson, J.

Wiggins, J.

Owens, J.

Gonzalez, J.

J.M. Johnson, J.P.T.

Gordon McCloud, J.