

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NICHOLAS and ANGELA XAVIER, | ) | No. 71536-4-I |
| | ) | |
| Respondents, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: February 23, 2015 |
| | ) | |

Cox, J. — We review for abuse of discretion whether the amount of an attorney fee award is proper.[1] Here, Allstate Property and Casualty Insurance Company made an offer of judgment to Nicholas and Angela Xavier, which they accepted. The offer included a term that stated: "[The Xaviers] shall be entitled to make a claim for reasonable attorney fees and expenses incurred after the filing of the lawsuit."[2] Thereafter, the trial court awarded fees under the terms and conditions of the offer of judgment, following a contested hearing. Because Allstate fails in its burden to show that the trial court abused its discretion in awarding the amount of fees and costs that it did, we affirm.

---

[1] Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

[2] Clerk's Papers at 1940.

The Xaviers sued Allstate, alleging breach of contract, Consumer Protection Act violations, and bad faith. They also sued RestorX, a contractor who is not a party to this appeal.

Before trial, Allstate made a CR 68 offer of judgment, offering to settle the case for $60,000. The offer stated, "[The Xaviers] shall be entitled to make a claim for reasonable attorney fees and expenses incurred after the filing of the lawsuit, which would be in addition to the $60,000.00 as set forth herein."[3] The Xaviers accepted the offer.

The parties then litigated the amount of reasonable attorney fees and costs. After a hearing, the court determined the amount of fees and costs. The court entered written findings of fact and conclusions of law with its order determining fees. The court noted that it had carefully reviewed both the billing records and Allstate's annotations on the billing records.

The court awarded the Xaviers $184,360 in attorney fees and $12,500 in costs.[4] The Xaviers had requested $220,655 in fees and $25,074 in costs.[5] But the court reduced both of these amounts based on its careful review of the record. The court also awarded the Xaviers $4,375 in supplemental attorney fees for their attorneys' work preparing the fee petition.[6]

---

[3] Id.

[4] Id. at 2483.

[5] Id. at 2483, 3078.

[6] Id. at 2537.

2

Allstate appeals both the initial award of fees and costs and the supplemental award of fees for work on the fee petition.

After filing its notice of appeal, Allstate moved to supplement the trial court record. Allstate asked the trial court to "supplement the record with materials that [the Xaviers'] counsel should have been prompted to present to show the reasonableness of their billing."[7] The court denied the motion.

Allstate also appeals the denial of its motion to supplement the record.

## REASONABLENESS OF ATTORNEY FEES

Allstate argues that the trial court abused its discretion by awarding the Xaviers unreasonable attorney fees. We disagree.

Parties in Washington may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[8] "A CR 68 offer operates as a contract, in that the terms of the offer control the extent to which attorney fees and costs may be awarded."[9]

Washington courts determine whether attorney fees are reasonable with the lodestar method.[10] Under this method, the court multiplies a reasonable

---

[7] Id. at 2546-47.

[8] LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014).

[9] Johnson v. Dep't of Transp., 177 Wn. App. 684, 694, 313 P.3d 1197 (2013), review denied, 179 Wn.2d 1025 (2014).

[10] Mahler v. Szucs, 135 Wn.2d 398, 433, 957 P.2d 632, 966 P.2d 305 (1998).

number of hours by a reasonable hourly rate to determine the lodestar.[11] The court should reduce the lodestar for "unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time."[12] Reasonable fees include hours from claims arising from a "'common core of facts and related legal theories.'"[13]

"In assessing the reasonableness of a fee request, a 'vital' consideration is 'the size of the amount in dispute in relation to the fees requested.'"[14] But "the court 'will not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small.'"[15]

"Courts must take an active role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel."[16] When determining an award of attorney fees, the court must enter findings of fact and

---

[11] Berryman v. Metcalf, 177 Wn. App. 644, 660, 312 P.3d 745 (2013), review denied, 179 Wn.2d 1026 (2014).

[12] Chuong Van Pham, 159 Wn.2d at 538.

[13] Id. (quoting Martinez v. City of Tacoma, 81 Wn. App. 228, 242-43, 914 P.2d 86 (1996)).

[14] Berryman, 177 Wn. App. at 660 (quoting Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993)).

[15] Id. (quoting Mahler, 135 Wn.2d at 433).

[16] Mahler, 135 Wn.2d at 434-35 (emphasis omitted).

conclusion of law.[17] These "findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[18]

The party seeking the fees bears the burden of proving that the fees are reasonable.[19]

Appellate courts review a court's determination about the reasonableness of fees for abuse of discretion.[20] The trial court abuses its discretion if it bases its award "on untenable grounds or for untenable reasons."[21]

Here, the primary question is whether the trial court abused its discretion when it determined the amount of reasonable fees. Because the trial court actively assessed the fee award and followed applicable case law, it did not abuse its discretion.

The court took "an active role in assessing the reasonableness of fee awards."[22] It "carefully" reviewed the billing records. It also reviewed Allstate's detailed annotations on the records, which noted all of the alleged issues with the requested fees. At the hearing, the court also mentioned reviewing the expert witness declaration Allstate submitted.

---

[17] Berryman, 177 Wn. App. at 657-58.

[18] Id. at 658.

[19] Mahler, 135 Wn.2d at 433–34.

[20] Chuong Van Pham, 159 Wn.2d at 538.

[21] Id.

[22] Mahler, 135 Wn.2d at 434-35.

The court also awarded the Xaviers substantially less in fees and costs than they requested. The court considered each of Allstate's objections, reviewed the records, and reduced the lodestar amount accordingly. For example, Allstate claimed that the fees included hours spent on work that was not related to the litigation. After "a specific review of the items," the court found that some, but not all, of the challenged hours did not relate to the litigation. The court then reduced the fee award accordingly.

The court similarly reduced the fee award based on Allstate's other objections. In total, the court reduced the fee award by $36,295 in attorney fees and by $12,574 in costs. Thus, the court did not unquestioningly accept the Xaviers' fee determinations, as Allstate suggests.

In sum, the court's written order shows that the court carefully and critically reviewed the billing records in this case. It also reduced the lodestar amount accordingly. Thus, the court did not abuse its discretion in determining the amount of reasonable fees in this case.

Allstate first argues that the court abused its discretion by awarding the Xaviers attorney fees for all of their claims against Allstate. Specifically, Allstate argues that the court should have limited the fees to the Xaviers' claim under the Consumer Protection Act (CPA), which provides for fee awards. The chief problem with this argument is that the offer of judgment that Allstate prepared does not limit the recovery of fees to the CPA-based claims. Had Allstate sought to so limit the fee award, it should have drafted its offer accordingly. But it did not do so.

Here, the terms of the offer determine whether the Xaviers are entitled to fees. The offer plainly states, "[The Xaviers] shall be entitled to make a claim for reasonable attorney fees and expenses incurred *after the filing of the lawsuit*, which would be in addition to the $60,000.00 as set forth herein."[23] The court properly relied on this language to award fees, noting that the offer "did not in any way limit [the Xavier's] attorney fees to the CPA claim."[24]

Allstate next argues that "[t]here is no basis for a finding that this standard language expanded [the Xaviers'] rights to fees beyond that which they would have had if a judgment had been entered."[25] But that is exactly what the language, "standard" or not, does. The terms of the offer do not restrict the fees to only the CPA claim. Instead, it includes all reasonable fees incurred "after the filing of the lawsuit."[26]

Allstate also argues several different reasons why the court abused its discretion by miscalculating the amount of fees. None is meritorious.

The trial court addressed many of Allstate's arguments below and reduced the lodestar amount based on them after reviewing the record. But the court did not reduce the award by the full amount that Allstate requested. Thus, many of

---

[23] Clerk's Papers at 1940 (emphasis added).

[24] Id. at 2480-81.

[25] Brief of Appellant at 31.

[26] Clerk's Papers at 1940.

7

Allstate's arguments ask this court to reweigh the evidence and conclude that a different amount of fees is reasonable. We decline to do so.

Allstate argues that the court improperly awarded fees for "interoffice communication."[27] At the hearing on the fee award, the Xaviers' attorneys noted that they took a "team" approach to litigation, which necessarily requires communication.[28] Allstate claims that this court rejected fee awards for "team approach" litigation in Berryman v. Metcalf.[29] But that case rejects overstaffing that results in duplicated efforts.[30] It does not categorically reject attorneys working as a team.

Importantly, the trial court addressed this issue in its order. It noted that it "reviewed each of the entries annotated by [Allstate] as inappropriate interoffice meeting and instruction."[31] It found that some of these billings were unnecessary while others were proper. Thus, it reduced the fee award for these hours from $19,290 to $8,175. Accordingly, Allstate's arguments are not persuasive.

Allstate also argues that the trial court abused its discretion by awarding fees for block billed entries—entries that describe more than one activity. But Allstate does not provide any Washington authority that prohibits such billing.

---

[27] Brief of Appellant at 33-34.

[28] Report of Proceedings (Jan. 22, 2014) at 21-22.

[29] 177 Wn. App. 644, 312 P.3d 745 (2013), review denied, 179 Wn.2d 1026 (2014).

[30] Id. at 662.

[31] Clerk's Papers at 2482.

In any event, the trial court addressed block billing. It "reviewed each of the [229] claimed block billing entries." It then reduced the lodestar by $1,500.

Additionally, Allstate's main objection to the block billed entries is that they allegedly include both billable and non-billable activities. Here, the trial court had already addressed Allstate's claims about non-billable activities and reduced the lodestar accordingly.

Allstate argues that the trial court did not express its reasoning for reducing the lodestar by less than the full amount of block billed entries. The court's findings and conclusions should "show how the court resolved disputed issues of fact and . . . explain the court's analysis."[32]

While the court could have provided more explanation in its order, there is no requirement for it to have done more in this case. Given the court's careful review of the record, and the fact that the block billing issue overlapped with other issues Allstate identified, Allstate fails to show an abuse of discretion for the reasons already discussed.

Allstate argues that the court abused its discretion by awarding fees for "billing with inadequate description."[33] Allstate argues that the court "wholly failed to address this category of questionable billing."[34]

---

[32] Berryman, 177 Wn. App. at 658.

[33] Brief of Appellant at 35-37.

[34] Id. at 37.

The court did not directly address this argument in its written order. But it appears to this court that Allstate did not adequately preserve this issue below. "Inadequate description" is not a category in Allstate's color-coded annotations of the billing records. And while Allstate's expert claimed to have identified 11.8 hours that were inadequately described, her report does not provide any specific examples.

Additionally, Allstate's expert noted that she also "assigned some of [the inadequately described] entries to other deduction categories." Thus, Allstate fails to show any error in this respect by the trial court.

Allstate argues that some of the hours the Xaviers' attorneys claimed related to claims against RestorX. The court found that billing related to RestorX should not be included in the reasonable fee award. The court then examined the entries that allegedly involved RestorX, and found that some of them also related to claims against Allstate. The trial court then reduced the fee award by $1,200. Allstate argues that the court should have reduced the lodestar by an additional $760. But the court reviewed the record and explained why it reduced the award by $1,200. Thus, the court did not abuse its discretion.

Allstate next argues that the fee award included hours spent on work that was not related to the litigation, such as managing the repairs on the Xaviers' home. As discussed earlier, after "a specific review of the items," the court found that some, but not all, of the challenged hours did not relate to the litigation. The court then reduced the fee award accordingly.

Allstate argues that the court should have specifically identified which entries it found were related to the litigation. But the court's order is detailed enough to allow this court "to ensure that discretion is exercised on articulable grounds."[35]

Finally, Allstate argues that the award should be vacated because Olympic Steamship Co. v. Centennial Insurance Co.[36] fees are not applicable. This argument makes no sense. The only basis for the fee award was the contract formed by the offer of judgment that Allstate prepared and the Xaviers accepted. The Olympic Steamship case has no bearing on this case.

## COSTS

Allstate also argues that the court should have awarded the Xaviers less in costs. We disagree.

Under RCW 4.84.010, a prevailing party may recover certain expenses. When parties enter into an agreement about costs, the terms of that agreement control.[37] This court reviews an award of costs for abuse of discretion.[38]

Here, the court did not abuse its discretion when it awarded the Xaviers $12,500 out of $25,074 requested in costs.

---

[35] Mahler, 135 Wn.2d at 435.

[36] 117 Wn.2d 37, 811 P.2d 673 (1991).

[37] Ernst Home Ctr., Inc. v. Sato, 80 Wn. App. 473, 491, 910 P.2d 486 (1996).

[38] Durland v. San Juan County, 174 Wn. App. 1, 25, 298 P.3d 757 (2012).

At trial, Allstate asked for the court to reduce $3,590 in costs for clerical work to $359, and then reduce the remaining costs by 50 percent.

The court generally agreed with Allstate. It awarded the Xaviers $12,500 out of $25,074 claimed costs, roughly 50 percent. The court noted that while it agreed that the Xaviers' costs for clerical work were too high, "[Allstate]'s assessment of the value of that work contains no citation or support."[39] Reviewing Allstate's Response in Opposition to Motion for Fees confirms this lack of support. Accordingly, the court did not abuse its discretion by not further reducing the costs requested.

## SUPPLEMENTAL FEE AWARD

Allstate argues that the Xaviers were not entitled to receive attorney fees for the time their attorneys spent litigating the reasonableness of the fees. We disagree.

"The general rule is that time spent on establishing entitlement to, and amount of, a court awarded attorney fee is compensable where the fee shifts to the opponent under fee shifting statutes."[40] There is no reason to apply a different rule here, where a contract, rather than a statute, provides the basis for fees.

Here, the Xaviers were entitled to an award of fees for the time they spent litigating the amount of the fee award. Under the plain terms of the CR 68 offer,

---

[39] Clerk's Papers at 2483.

[40] Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 378, 798 P.2d 799 (1990).

the Xaviers are "entitled to make a claim for *reasonable attorney fees* and expenses incurred *after the filing of the lawsuit*."[41] The fees incurred while determining the initial fee award were after the filing of the lawsuit. Thus, they fall within the plain language of the offer that Allstate prepared and the Xaviers accepted.

Allstate argues that it disputed only the amount of fees, not whether the Xaviers were entitled to fees. Thus, it argues that the Xaviers should not receive attorney fees for litigating the fee award. But "[t]he general rule is that time spent on establishing entitlement to, *and amount of*, a court awarded attorney fee is compensable."[42]

Additionally, despite the general rule, the court reduced the amount of fees on that basis. It ruled: "Given that [Allstate] did not object to fees, but only disputed reasonableness of fees, & given that [Allstate] only 'lost' the motion by approximately 29%, the court will limit additional fees by approximately that percentage."[43]

Allstate also argues that the amount of supplemental fees was unreasonable. The Xaviers requested $20,840.00 in attorney fees for briefing and arguing the initial fee petition. But the court awarded the Xaviers only $4,375 in supplemental fees and articulated its reasons for doing so.

---

[41] Clerk's Papers at 1940 (emphasis added).

[42] Fisher Props., 115 Wn.2d at 378 (emphasis added).

[43] Clerk's Papers at 2524.

When reviewing the amount of a fee award, this court "ensure[s] that discretion is exercised on articulable grounds."[44] Because the trial court articulated its reasons for determining the amount of the award, its decision was not an abuse of discretion.

Allstate asks this court to further reduce the supplemental award on several bases. Allstate objects on essentially the same grounds that it objected to the initial fee award, including block billing and unrelated or duplicative work.

This argument is unpersuasive. As discussed above, the Xaviers are entitled to a supplemental award of attorney fees. Thus, the only remaining question is whether the court abused its discretion by determining that $4,375 was a reasonable amount of fees. Based on allegedly improper billing, Allstate asks this court to reduce the fee award by removing 19.4 hours of attorney work and 19.5 hours of paralegal work.

The total value of the amount of hours Allstate asks this court to subtract from the award is $9,865. The supplemental award is only $4,375. Thus, Allstate essentially argues that a reasonable attorney fee for the work preparing the fee petition is $0. Accordingly, this argument is untenable. We reject it.

## MOTION TO SUPPLEMENT THE RECORD

Allstate argues that the trial court abused its discretion when it denied its motion to supplement the record pursuant to CR 60(a). We hold that the trial court did not abuse its discretion in denying the motion.

---

[44] 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 741, 281 P.3d 693 (2012).

14

CR 60(a) allows parties to fix clerical mistakes:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

Appellate courts review decisions on CR 60(a) motions for abuse of discretion.[45]

Here, Allstate did not seek to remedy a clerical mistake. Rather, Allstate sought to supplement the record with evidence that was not before the trial court when it made its ruling. Allstate asked the trial court to "supplement the record with materials that [the Xaviers'] counsel should have been prompted to present to show the reasonableness of their billing."[46] The court determined that neither party had previously submitted these documents to the court and denied the motion. That ruling was correct.

Allstate argues that using CR 60(a) to add documents to the record was appropriate because the trial court erroneously shifted the burden of proof to Allstate. Allstate argues that the court placed the burden on it to disprove the reasonableness of the fees, rather than on the Xaviers to prove that the fees were reasonable. Allstate argues that if the court had not shifted the burden, the

---

[45] See Presidential Estates Apt. Assoc. v. Barrett, 129 Wn.2d 320, 325-26, 917 P.2d 100 (1996).

[46] Clerk's Papers at 2546-47.

Xaviers would have added these documents to the record. None of these points is persuasive.

The trial court's order indicates that it appropriately placed the burden on the Xaviers. The simple fact of the matter is that this scenario does not show any clerical mistake, and Allstate must show such a mistake to use this rule. There is simply no such showing here.

## ATTORNEY FEES ON APPEAL

The Xaviers argue that this court should award them attorney fees on appeal. We agree.

"'A contractual provision for an award of attorney's fees at trial supports an award of attorney's fees on appeal under RAP 18.1.'"[47]

Because the Xaviers received an award of attorney fees at trial, they are also entitled to an award on appeal. Additionally, the fees on appeal are fees "incurred after the filing of the lawsuit." Thus, they fall within the offer's plain terms. Accordingly, we grant the Xaviers' request for attorney fees on appeal, subject to their compliance with the requirements of RAP 18.1.

## MOTION FOR SANCTIONS

The Xaviers argue that this court should sanction Allstate's counsel for violating RPC 3.3. We decline to address this argument.

The state bar association's disciplinary process, not this court, should initially handle alleged violations of the Rules of Professional Conduct. The

---

[47] Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009) (quoting W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985)).

proper "remedy for a claimed violation of the RPC is a request for discipline by the bar association."[48] Thus, we do not address this argument any further.

We affirm the trial court's judgment and its order denying Allstate's motion to supplement the record. We grant the Xaviers' request for attorney fees on appeal, subject to their compliance with RAP 18.1.

Cox, J.

WE CONCUR:

Trickey, J.

---

[48] State v. Lord, 117 Wn.2d 829, 887, 822 P.2d 177 (1991).