# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LEDCOR INDUSTRIES (USA), INC., et al., | ) ) ) | No. 72992-6-I |
| | ) | DIVISION ONE |
| Respondent/ Cross-Appellants, | ) ) ) | |
| v. | ) ) | |
| STARLINE WINDOWS, INC., et al., | ) ) | UNPUBLISHED |
| Appellant/ Cross-Respondents. | ) ) ) ) | FILED: July 27, 2015 |

Cox, J. – Ledcor Industries (USA) Inc. moves to dismiss this appeal as untimely. Because Starline Windows Inc. failed to file its notice of appeal within 30 days of the decision entered on July 8, 2014, its appeal of that decision is untimely. Accordingly, we grant the motion to dismiss this appeal.

## MOTION TO DISMISS

Ledcor sued Starline. The court decided the claims between these parties in a series of summary judgment orders that are the subjects of a linked appeal.[1]

After the court resolved these claims, both Ledcor and Starline moved for attorney fees under the terms of their contract. The court denied both motions,

---

[1] See Ledcor Industries (USA), Inc. v. Starline Windows, Inc., No. 72317-1-I.

concluding that both parties substantially prevailed. This order was entered on July 8, 2014.

Ledcor did not appeal the trial court's order on fees. On January 9, 2015, Starline appealed the trial court's order on attorney fees.

Ledcor moved to dismiss this appeal as untimely. Starline answered the motion.

Under RAP 18.9(c)(3), this court may dismiss an appeal on a party's motion if the notice of appeal was not timely filed. RAP 18.8(b) contains the only exceptions to this rule. Under that rule, this court "will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal."[2] This is because "the desirability of finality of decisions [ordinarily] outweighs the privilege of a litigant to obtain an extension of time."[3]

Under RAP 5.2(a), a party must file a notice of appeal within "30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed." The date of entry is determined by CR 5(e) and CR 58.[4] These rules establish that the date of entry is the date the signed order is filed with the clerk.

Here, the court's order denying attorney fees, dated July 7, 2014, was filed with the clerk on July 8, 2014. Thus, Starline had 30 days from the latter date to file its notice of appeal.

---

[2] RAP 18.8(b).

[3] Id.

[4] RAP 5.2(c).

This record shows that Starline failed to file its notice of appeal of the July 2014 decision until January 9, 2015, six months later. Accordingly, its appeal is untimely.

Starline argues that its appeal was timely because the court's order failed to comply with CR 54(f)(2). Specifically, Starline argues that it did not receive "5 days' notice of presentation" or a copy of the proposed order. This argument is without merit.

CR 54(f)(2) states that "[n]o order or judgment shall be signed or entered until opposing counsel have been given 5 days' notice of presentation and served with a copy of the proposed order." Starline argues that the order was void for failing to comply with CR 54(f)(2), and thus time to file a notice of appeal never began to run.

This argument is unpersuasive for two reasons. First, Starline fails to cite any authority indicating that failure to comply with CR 54(f)(2) affects the date that time begins to run for a notice of appeal under the RAPs. As explained earlier, time begins to run when the order is entered.[5] In this case, that date was July 8, 2014.

Second, under some circumstances, failure to comply with CR 54(f)(2) may void an order.[6] But if "the complaining party shows no resulting prejudice"

---

[5] RAP 5.2(c); CR 5(e); CR 58.

[6] Burton v. Ascol, 105 Wn.2d 344, 352, 715 P.2d 110 (1986).

3

the order is not invalid.[7] Here, Starline has failed to allege any prejudice resulting from its failure to receive five days' notice prior to the entry of the order.

## ATTORNEY FEES

Ledcor argues that it is entitled to attorney fees on appeal. Because Ledcor prevailed in this appeal, we grant its request.

Parties in Washington may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[8] "'A contractual provision for an award of attorney's fees at trial supports an award of attorney's fees on appeal under RAP 18.1.'"[9]

Here, the parties' contract states: "In the event that . . . litigation is instituted to . . . adjudicate any question(s) arising under this Agreement, the prevailing party shall be entitled to its actual attorneys' fees and all costs incurred in connection therewith . . . ."[10]

Ledcor prevailed in this appeal by successfully moving to dismiss. Thus, Ledcor is entitled to an award of attorney fees on appeal according to the parties' contract.

---

[7] Id.

[8] LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014).

[9] Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009) (quoting W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985)).

[10] Clerk's Papers at 164.

We grant Ledcor's motion to dismiss Starline's appeal as untimely. We also grant Ledcor's request for fees on appeal.

Cox, J.

WE CONCUR:

Spearman, C.J.

Appelwick, J.