IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANDREW PILLOUD, | ) | No. 73303-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| KING COUNTY REPUBLICAN | ) | UNPUBLISHED OPINION |
| CENTRAL COMMITTEE; LORI | ) | |
| SOTELO, County Chairman, King | ) | |
| County Republican Central Committee, | ) | |
| | ) | |
| Respondents. | ) | FILED: March 14, 2016 |

SCHINDLER, J. — Andrew Pilloud filed a petition for a writ of mandamus directing

the chair of the King County Republican Central Committee (KCRCC) to call meetings

of precinct committee officers to elect legislative district chairs. The court denied the

writ. The order states that under State law, there is no right to vote on the election of

legislative district chairs and no duty to call meetings of precinct committee officers to

elect legislative district chairs. Because the superior court order is contrary to RCW

29A.80.061 and collateral estoppel does not bar the writ of mandamus, we reverse and

remand.

In December 2014, the KCRCC adopted bylaws for the 2015-2016 biennium.

The bylaws require the KCRCC county chairman to appoint legislative district chairmen

subject to ratification by precinct committee officers. Article XI, section 1.1 of the bylaws states:

> The District Chairman shall be a registered voter and resident of the Legislative district in which he serves and shall be appointed by the County Chairman, subject to ratification by a majority of the Precinct Committee Officers from the district who are present and voting at a meeting called for that purpose by the County Chairman and held within thirty (30) days of the occurrence of the vacancy or sixty (60) days after the biennial organization meeting, whichever is later. A meeting called for ratification of a District Chairman shall be held within the legislative district affected or at the usual and customary location of district meetings.

Republican precinct committee officer Andrew Pilloud filed a petition for a writ of mandamus directing the KCRCC to "immediately call separate meetings of all elected precinct committee officers in each legislative district for the purpose of _electing_ a legislative district chair in such district" as required by RCW 29A.80.061.[1]

The KCRCC filed an answer and asserted as an affirmative defense collateral estoppel barred the writ of mandamus because the "provisions of RCW 29A.80.061 are not materially different from the provisions of the prior version of the law declared unconstitutional in 1967." The KCRCC argued that "prior determinations that the predecessors of RCW 29A.80.061 violated the Fourteenth Amendment and the privileges and immunities clause of Washington's Constitution bind Mr. Pilloud and bar the remedy sought." The KCRCC also asserted that RCW 29A.80.061 is unconstitutional under the First Amendment to the United States Constitution and violates article II, section 19 of the Washington State Constitution. The KCRCC moved to deny the petition for a writ of mandamus. The KCRCC provided notice to the Washington State Attorney General that it intended to seek a declaratory judgment that RCW 29A.80.061 is unconstitutional.

---

[1] Emphasis in original.

2

Following a hearing on the writ of mandamus, the court entered an order denying the petition. The order states that State law does not require the election of legislative district chairs in each district. The court did not reach the constitutional issues raised by the KCRCC. The order states, in pertinent part:

> [T]he petitioner is not entitled by the laws of the State of Washington to vote upon the election of the Republican district chairman in the 36th district; . . . [I]t is not the duty of the county chairman to call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chairman;
>
> . . . .
>
> . . . [T]he King County Republican Central Committee and Lori Sotelo, County Chairman, . . . are not commanded to immediately call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chair in such district. The application for a writ of mandamus is quashed on the 5[th] day of March, 2015.

Pilloud argues the court erred in applying the doctrine of collateral estoppel and denying the petition for a writ of mandamus. The KCRCC asserts collateral estoppel bars Pilloud from relitigating the same question that was resolved in the 1967 superior court case State ex rel. Irwin v. Williams, No. 684175, consolidated with No. 684587 (King County Sup. Ct. Sept. 15, 1967).[2]

A party seeking a writ of mandamus must satisfy three requirements: (1) the party subject to the writ must be under a clear duty to act; (2) the petitioner must be "beneficially interested," and (3) the petitioner must not have a " 'plain, speedy and adequate remedy in the ordinary course of law.' " Paxton v. City of Bellingham, 129 Wn. App. 439, 444-45, 119 P.3d 373 (2005) (quoting RCW 7.16.170).

---

[2] For the first time on appeal, the KCRCC argues that RCW 29A.80.061 "still creates different structures for the Republican Party in Washington" because parties in counties with multiple legislative districts have diffused decision-making, while counties with only one legislative district have centralized decision-making. We will not consider a new argument raised for the first time on appeal. LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 126, 330 P.3d 190 (2014).

We review de novo as a question of law whether RCW 29A.80.061 states a clear duty to act. Cost Mgmt. Servs., Inc. v. City of Lakewood, 178 Wn.2d 635, 649, 310 P.3d 804 (2013); River Park Square, LLC v. Miggins, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). We interpret statutes de novo. Dept. of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

If a statute's meaning is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. Brown v. Dep't of Commerce, 184 Wn.2d 509, 532, 359 P.3d 771 (2015). We also review de novo whether collateral estoppel bars relitigation of an issue. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

Contrary to the KCRCC's assertions, RCW 29A.80.061 differs materially from the statute the superior court ruled unconstitutional in 1967. The superior court ruled that former RCW 29.42.070 (1967)[3] violated equal protection because the statute applied to only class AA counties and effectively regulated only King County.[4]

Former RCW 29.42.070 stated, in pertinent part:

**Legislative district chairman—Election—Term—Removal.** Within forty-five days after the state-wide general election in even-numbered years, or within thirty days following the effective date of this 1967 enactment for the biennium ending with the 1968 general elections, the county chairman of each major political party shall call separate meetings of all elected precinct committeemen in each legislative district a majority

---

[3] LAWS OF 1967 EX. SESS., ch. 32, § 1.

[4] In the oral ruling, the court states:

    [Former RCW 29.42.070] only applies to legislative districts in Class AA counties. If a district chairman is to be elected in Class AA counties only, and vacancies for precinct committeemen can only be filled on his recommendation, then we have one type of political party in King County, and another type of political party in all the rest of the legislative districts and counties in the state. Certainly, in my opinion, this manner of division is not constitutional, as it is an unreasonable classification.

of the precincts of which are within a class AA county for the purpose of electing a legislative district chairman in such district.[5]

In 2003, the legislature recodified former RCW 29.42.070 as RCW 29A.80.060. LAWS OF 2003, ch. 111, § 2401. In 2004, the legislature repealed RCW 29A.80.060 and enacted RCW 29A.80.061. LAWS OF 2004, ch. 271, §§ 150, 193.

Unlike former RCW 29.42.070, RCW 29A.80.061 applies to the entire state, not just class AA counties. RCW 29A.80.061 states, in pertinent part:

> **Legislative district chair—Election—Term—Removal.** Within forty-five days after the statewide general election in even-numbered years, the county chair of each major political party shall call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chair in such district.

The unambiguous language of RCW 29A.80.061 requires the county chair of each major political party to call separate meetings of all elected precinct committee officers in each legislative district to elect a legislative district chair for that district. Here, the court erred in concluding that "it is not the duty of the county chairman to call separate meetings of all elected precinct committee officers in each legislative district for the purpose of electing a legislative district chairman."

And because the scope of RCW 29A.80.061 is materially different from the language of former RCW 29.42.070, collateral estoppel does not bar Pilloud's petition for a writ of mandamus. Gold Star Resorts, Inc. v. Futurewise, 167 Wn.2d 723, 738, 222 P.3d 791 (2009) ("neither collateral estoppel nor res judicata principles apply to bar . . . challenge" where legislature had amended statute after prior court decision).

---

[5] Emphasis added.

We reverse the order denying the writ of mandamus and remand. On remand, the court shall determine whether Pilloud is entitled to a writ of mandamus and, if so, whether RCW 29A.80.061 violates that First Amendment to the United States Constitution and article II, section 19 of the Washington State Constitution.

WE CONCUR: