2016 APR 25 AM 8: 5



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STERLING O. HAYDEN, | ) | No. 73344-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOEING COMPANY, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: <u>April 25, 2016</u> |
| | ) | |

Cox, J. — The Boeing Company appeals the superior court's decision reversing the order of the Board of Industrial Insurance Appeals (BIIA) that denied workers compensation benefits to Sterling Hayden. Because substantial evidence does not support the superior court's critical findings and the supported findings do not support the court's conclusions of law, we reverse.

Sterling Hayden worked as a janitor for Boeing from January 2007. In March 2010, he filed a claim for benefits. The Department of Labor and Industries accepted this claim as an occupational disease of his left shoulder. The Department later segregated this accepted claim from Hayden's pre-existing left shoulder condition of glenohumeral osteoarthritis. But the Department later reversed itself. It ordered Boeing to assume responsibility for Hayden's pre-existing left shoulder glenohumeral osteoarthritis.

Boeing appealed this order to the BIIA. An administrative law judge reversed the Department's order in a proposed decision and order that denied benefits. Hayden petitioned for review, which the BIIA denied.

Hayden then sought judicial review of the BIIA's decision. The superior court reversed the BIIA's decision. The court concluded that Hayden's accepted shoulder strain condition aggravated his glenohumeral osteoarthritis, entitling him to benefits.

Boeing appeals.

## STANDARD OF REVIEW

Boeing argues that substantial evidence does not support the superior court's findings and that its findings do not support its conclusions. At issue is whether the record before the BIIA establishes a causal connection between Hayden's accepted work condition and his left shoulder glenohumeral osteoarthritis.

The Industrial Insurance Act, title 51 RCW, governs the standard of review in workers' compensation cases.[1] Hayden had the burden of establishing a prima facie case for relief before the BIIA.[2] The superior court reviews the BIIA's decision de novo, based solely on the BIIA record.[3]

---

[1] RCW 51.52.115.

[2] RCW 51.52.050(2)(a).

[3] Potter v. Dep't of Labor & Indus., 172 Wn. App. 301, 310, 289 P.3d 727 (2012).

In the superior court, Hayden had the burden of proving the BIIA's findings and decision were not prima facie correct.[4] We review the BIIA record to see whether substantial evidence supports the superior court's findings and whether the conclusions of law flow from the supported findings.[5] "Evidence is substantial if [it is] 'sufficient to persuade a fair-minded, rational person of the truth of the matter.'"[6]

A worker with an "occupational disease" is entitled to workers' compensation benefits.[7] An "occupational disease" is one that "arises naturally and proximately out of employment . . . ."[8] Workers are entitled to benefits if their employment causes a new disease or "aggravates a preexisting disease so as to result in a new disability."[9]

Here, the critical findings of fact of the superior court that are at issue are:

21. Exacerbation of the underlying pre-existing condition is what the plaintiff has to prove in this case. The testimony of Dr. Verdin establishes that Mr. Hayden's work activities did exacerbate the underlying condition.

22. Under the law of the State of Washington, the Plaintiff does not need to show that the work activities created a whole new condition. We are not perfect as human beings. Every single one

---

[4] Id.

[5] Id.

[6] Id. (quoting R & G Probst v. Dep't of Labor & Indus., 121 Wn. App. 288, 293, 88 P.3d 413 (2004)).

[7] RCW 51.32.180.

[8] RCW 51.08.140.

[9] Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 7, 977 P.2d 570 (1999) (emphasis omitted).

of us has something wrong with us at one time or another. Some of us have permanent injuries.

. . .

*The record establishes that Mr. Hayden sought medical attention for new pain in his left shoulder after he aggravated his condition by work, because he had hurt his right shoulder, so he's putting more pressure on his left.*

26. The activities of Mr. Hayden's employment did light up the otherwise non-symptomatic condition. Whether that condition would always permanently remain non-symptomatic we don't know. Most likely, at some point in his life Mr. Hayden would have experienced a deterioration of the shoulder. According to all the medical testimony his joint was in really bad shape. It would have, at some point in his life, been a problem. But the condition was lit up or made active *and accelerated* due to his job or work related activities.

. . .

28. Because of the occupational disease, the pre-existing condition was *lit up or made active. For this reason Mr. Hayden is eligible for benefits, including allowance of the glenohumeral osteoarthritis of the left shoulder.*

. . .

30. [The BIIA's] Finding of Fact No. 3 is incorrect. *Mr. Hayden's pre-existing left shoulder glenohumeral osteoarthritis was aggravated by his accepted shoulder strain condition.*[10]

The parties do not dispute that Hayden's glenohumeral osteoarthritis preexisted both his employment and his left shoulder strain, which he reported in March 2010 and the Department later accepted. The legal question is whether substantial evidence supports the superior court's findings that Hayden's accepted work-related condition either accelerated or aggravated his osteoarthritis condition to create a new disability.

To show that his disease arose "proximately" from his employment, Hayden was required to establish "by competent medical testimony" that his

---

[10] Clerk's Papers at 315-17 (emphasis added).

4

employment "probably, as opposed to possibly," caused his claimed condition.[11]

This causal link must be removed "from the field of speculation and surmise."[12]

We give special consideration, as we must, to the testimony of Hayden's treating physician.[13]

In this case, Hayden's treating physician is Dr. Verdin. Dr. Verdin testified by deposition at the hearing before the administrative law judge of the BIIA. He is an orthopedic surgeon who first saw Hayden in May 2011. He testified with the assistance of chart notes from Hayden's medical records.

At the time of the first examination, Hayden complained of left shoulder pain. Dr. Verdin obtained Hayden's medical history from him and also had x-rays of his shoulder available. Dr. Verdin diagnosed Hayden as having "degenerative joint disease of his [left] shoulder secondary to osteoarthritis."[14]

Dr. Verdin testified as follows:

Q. And do you have an opinion as to whether or not Mr. Hayden's work activities as a janitor aggravated or worsened his shoulder condition on a more-probable-than-not basis?

A. I feel that it probably did make his overall symptomatology in his shoulder worse with time, yes.

Q. Do you have an opinion as to whether or not the distinctive work conditions of working as a janitor for The Boeing Company could have *accelerated* the progression of the shoulder condition?

---

[11] Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 477, 745 P.2d 1295 (1987).

[12] Zipp v. Seattle Sch. Dist. No. 1, 36 Wn. App. 598, 601, 676 P.2d 538 (1984).

[13] Potter, 172 Wn. App. at 312.

[14] Clerk's Papers at 277.

A. I don't think that it *accelerated* it.

Q. Do you have an opinion as to whether or not those work conditions were a cause for the worsening of Mr. Hayden's left-shoulder condition?

A. Yeah. I think they were a factor.

Q. Can you tell us about that. What is it that makes you think that they were a factor?

A. I think it has to do with the fact that in general, taking care of patients who have had arthritic conditions in joints—hips, knees, shoulders—heavier physical activity tends to make arthritic joints much more symptomatic. Some joints that otherwise, you know, might be manageable at one level of activity get much worse at a different level of activity.[15]

Boeing argues that no medical testimony in the record supports finding that Hayden's employment *accelerated* his glenohumeral osteoarthritis. We agree.

Findings of Fact 26 states, among other things, that Hayden's shoulder condition "was lit up or made more active *and accelerated* due to his job or work related activities."[16] This finding is incorrect.

As shown above, Dr. Verdin's testimony shows he concluded that Hayden's work did not accelerate the progression of his osteoarthritis. Moreover, no testimony from either of the two other medical experts who testified support finding that Hayden's work activities accelerated his pre-existing glenohumeral

---

[15] Id. at 278-79.

[16] Id. at 317.

osteoarthritis. In sum, substantial evidence does not support this portion of the finding.

We turn to the other apparent basis for the superior court's findings: that Hayden's employment "aggravated" his pre-existing left shoulder glenohumeral osteoarthritis condition. Findings 21 ("exacerbate"), 26 ("lit up or made active"), 28 ("lit up"), and 30 ("aggravated") are most reasonably read to be based on aggravation.

The superior court found that Hayden's accepted work-related condition aggravated his pre-existing glenohumeral osteoarthritis. This finding is also unsupported in the record.

In this case, Hayden's accepted condition was a left shoulder strain. Hayden sought and received treatment for this condition, which the Department accepted as work-related, and Boeing did not dispute.

No medical testimony supports finding that this shoulder strain aggravated Hayden's glenohumeral osteoarthritis. Neither Dr. Verdin nor any of the other doctors who testified stated that Hayden's left shoulder strain aggravated his glenohumeral osteoarthritis. Thus, this finding is also unsupported.

Another apparent basis for the superior court's conclusion was Findings of Fact 22, which states in relevant part:

> The record establishes that Mr. Hayden sought medical attention for new pain in his left shoulder after he aggravated his condition by work, because he had hurt his *right* shoulder, so he's putting more pressure on his left.[17]

---

[17] Id. at 316.

We cannot agree that substantial evidence supports this finding. Hayden testified that he injured his right shoulder in 2009. But no medical testimony establishes any link between Hayden's right shoulder injury and his left shoulder glenohumeral osteoarthritis.

First, there was no medical evidence by Dr. Verdin, the treating physician in this case, or any other medical expert who testified, that Hayden's right shoulder injury in any way contributed to his pre-existing left shoulder condition. Dr. Verdin was quite clear that the focus of his testimony centered on Hayden's left shoulder, not his right. This is dispositive.

Second, even if we look further, the only testimony in the record about increased use of the left shoulder due to an injured right shoulder came from Hayden. He testified that after he injured his right shoulder he began to use his left shoulder more and, after one or two years, began experiencing pain in his left shoulder. But even if this evidence is accepted as true, it does not meet the evidentiary standard. Without any medical testimony on the effect of this right shoulder injury on Hayden's left shoulder condition, any causal link between the two is in the nature of speculation, not probability.

Some of the court's findings could also be read as determining that Hayden's work activities—as opposed to his accepted shoulder strain condition—aggravated his glenohumeral osteoarthritis. But this reading is also unsupported. The BIIA considered only whether Hayden's allowed shoulder strain aggravated his glenohumeral osteoarthritis. It did not consider whether his work activities aggravated this preexisting condition. And on appeal, Hayden argues only that

his shoulder strain aggravated his glenohumeral osteoarthritis, not that his work activities did so.

In sum, substantial evidence does not support the superior court's critical findings. In this absence of substantial evidence, the court's conclusions of law cannot be sustained. Specifically, the conclusion that "Hayden's pre-existing left shoulder glenohumeral osteoarthritis was aggravated by his accepted shoulder strain condition"[18] cannot be sustained.

The sole issue before the BIIA appears to have been proximate causation. Accordingly, we have limited our review to that issue on appeal.

## ATTORNEY FEES

Hayden argues that he is entitled to attorney fees on appeal. We disagree.

In Washington, parties may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[19] Under RCW 51.52.130, if "a party other than the worker or beneficiary" appeals and "the worker's or beneficiary's right to relief is sustained" the worker is entitled to an award of attorney fees.

Here, we reverse and do not sustain the superior court's award. Thus, Hayden is not entitled to an award of attorney fees on appeal.

---

[18] Id. at 317.

[19] LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014).

We reverse and deny Hayden's request for attorney fees on appeal.

_____Cox, J._____

WE CONCUR:

_____Leach, J._____          _____Appelwick, J._____