# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MAPLE VALLEY PARK PLACE, LLC, )
                                   )      No. 71998-0-I
          Respondent, )
                                   )      DIVISION ONE
        v.                             )
                                   )      UNPUBLISHED OPINION
MICHAEL ROSS and TAMARA ROSS, )
individually and as a marital community )
d/b/a METROPOLITAN MORTGAGE, )
                                   )
          Appellants. )      FILED: April 20, 2015

TRICKEY, J. — We review the reasonableness of an attorney fee award for abuse of discretion. Because Michael and Tamara Ross fail to demonstrate the trial court abused its discretion in awarding only a portion of the attorney fees they requested, we affirm.

## FACTS

In 2008, the Rosses leased commercial premises from Maple Valley Park Place, LLC. In 2009, the Rosses filed a chapter 7 bankruptcy petition and obtained a discharge.

It is undisputed that the Rosses failed to make payments under the lease, and in 2012, Maple Valley sued the Rosses for breach of the lease. In their answer, the Rosses asserted the bankruptcy discharge as an affirmative defense. Maple Valley moved for summary judgment. The Rosses filed a response arguing that there was a genuine issue of material fact as to whether they were individually liable because the premises were leased under a business name. They simultaneously filed a cross

motion for summary judgment contending that any claim arising from the lease was barred by the bankruptcy discharge.

The Rosses then sought a finding of contempt against Maple Valley in the bankruptcy proceeding for violating the discharge. Though none of the bankruptcy court's orders are in the record before this court, the parties represented to the superior court that the bankruptcy court found Maple Valley in contempt and awarded the Rosses $5,000 in emotional distress damages and $16,556.25 in attorney fees.[1]

Maple Valley ultimately dismissed the action. On January 17, 2014, the Rosses moved for an award of attorney fees as the prevailing party, citing the attorney fee provision in the lease. The Rosses sought a total of $51,262.50 in attorney fees which was based upon a total of 169.4 hours worked at a rate of $300 per hour. The Rosses itemized the hours as follows: (1) 26.2 hours for time spent filing an answer and in discovery; (2) 23 hours for time spent on the summary judgment motions and opposing the taking of their depositions; (3) 103.8 hours related to the contempt proceeding in bankruptcy court; (4) 7.4 hours related to settlement negotiations in the superior court action following the bankruptcy court's finding of contempt; and (5) 9 hours related to the attorney fee motion.

On February 5, the trial court found that the Rosses were the prevailing party and "entitled to recover reasonable costs and fees for defending this case."[2] However, the trial court denied the motion for fees without prejudice, finding that the Rosses'

---

[1] The record is unclear as to the amount of attorney fees that the Rosses requested in the bankruptcy proceeding. The amount referenced in pleadings in the superior court varies from $31,370.00 to $35,902.50. In any case, the bankruptcy court did not award the Rosses the full amount that they sought, finding the amount "should have been mitigated, was unreasonable, or both." Clerk's Papers (CP) at 123.

[2] CP at 138.

2

declaration did not sufficiently itemize the hours worked. The trial court also noted it would "not grant fees for the cost of proceedings in the bankruptcy court, which has already assessed sanctions."[3] The trial court directed the parties to provide additional briefing and documentation regarding the number of hours spent.

On February 19, the Rosses filed a revised declaration seeking a total of $27,270 in attorney fees which was based upon a total of 90.9 hours worked at a rate of $300 per hour. The Rosses itemized the hours as follows: (1) 7.7 hours for "time investigating [Maple Valley's] claim, researching the law, trying to persuade [Maple Valley] that its claim was futile (one reason was the bankruptcy discharge), and when that failed, filing an answer";[4] (2) 28.7 hours for discovery; (3) 33 hours for "the time spent opposing [Maple Valley's] summary judgment motion and preparing [the Rosses'] cross-motion for summary judgment, all of which involved researching legal issues, including bankruptcy issues, drafting briefs and declarations, communicating with the court and opposing counsel re: scheduling, and even attempting to settle the dispute with [Maple Valley] prior to taking the matter to the bankruptcy court";[5] (4) 17 hours after entry of the contempt judgment in bankruptcy court, including discussing dismissal with Maple Valley and preparing the attorney fee request;[6] and (5) 4.5 hours that the Rosses "expect[ed] to work . . . preparing this supplemental declaration requested by the court, and responding to [Maple Valley's] opposition."[7] In accordance with the trial court's

---

[3] CP at 138.
[4] CP at 151.
[5] CP at 151.
[6] CP at 151-52.
[7] CP at 152.

prior order, the revised fee request did not include any hours related to the bankruptcy proceeding.

On March 4, the trial court entered an order awarding fees to the Rosses as follows:

> IT IS ORDERED that defendants are the prevailing party in the action, entitled to an award of their reasonable attorney's fees, costs, and expenses, as the prevailing party in the action.
>
> . . . .
>
> Defendant's fee request appears, however, excessive. The lease provision only allows recovery of "**reasonable** costs, expenses, and attorneys' fees." (Emphasis added.) This Court is not persuaded, to begin with, that it is reasonable to award the 7.7 hours billed for the period before an answer was filed, and reduces the hours awarded to 4. In addition, the court believes that the 28.7 hours billed for discovery is excessive, particularly since the dispositive issue in this case was the limited one of whether the bankruptcy discharge precluded this action. Those hours are reduced to 14. Likewise, since the dispositive issue in this case was the effect of the bankruptcy discharge, while very little of the summary judgment briefing dealt with that key issue, the 33.0 hours billed for summary judgment proceedings is excessive. It also includes time devoted to settlement discussions before taking the matter to bankruptcy court – these hours were not reasonable for the defense of the case in this court. The 33.0 hours is reduced to 10. The 17 hours devoted to post-bankruptcy proceedings does appear reasonable, however. Plaintiff's argument that the amounts involved in the litigation were then small does not appear to have deterred plaintiff from aggressively pursuing them and resisting defendants' requests for fees as prevailing party. The Court does not rule on the reasonableness of requesting more fee hours than were billed to the client in this case, because it has already reduced claimed hours as noted above.
>
> In summary, the Court finds 45 hours were reasonable.
>
> The reasonableness of defendant's counsel's hourly billing rate of $300 and costs is not disputed.

Defendants are awarded reasonable attorneys' fees of $13,500 and $570.61 in allowable costs.[8]

The Rosses sought reconsideration of the award, which was denied. The Rosses appeal.

## ANALYSIS

The Rosses contend the trial court erred in not awarding the full amount of their fee request. Because the Rosses fail to show the amount of the award constituted an abuse of discretion, we disagree.

A trial court may award attorney fees to a party if a statute, contract, or recognized ground of equity authorizes the award. LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014). "A determination of reasonable attorney fees begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Berryman v. Metcalf, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). The number of hours reasonably expended does not include hours spent on "unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time." Chuong Van Pham v. City of Seattle, Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). "The burden of demonstrating that a fee is reasonable is upon the fee applicant." Berryman, 177 Wn. App. at 657. However, an award of substantially less than the amount requested "should indicate at least approximately how the court arrived at the final numbers, and explain why discounts were applied." Absher Constr. Co. v. Kent Sch. Dist., 79 Wn. App. 841, 848, 917 P.2d 1086 (1995).

---

8 CP at 223-24.

"A trial judge is given broad discretion in determining the reasonableness of an award, and in order to reverse that award, it must be shown that the trial court manifestly abused its discretion." Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001). The trial court abuses its discretion only if its decision is "manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

The Rosses' primary claim is that the trial court erred in excluding all of the hours related to work in the bankruptcy court from the fee award in the superior court. They contend they are entitled to these fees because "[a]ll of [the Rosses'] actions in the bankruptcy court were related to enforcing the discharge, which was an affirmative defense to [Maple Valley's] claim in the state court."[9] But the Rosses had *already* requested and received an award of reasonable attorney fees for this work from the bankruptcy court. Though the Rosses are dissatisfied that the bankruptcy court did not award all the fees they requested, they provide neither persuasive argument nor legal authority that they are entitled to a second bite at the apple in superior court. The trial court's decision not to award fees for work in the bankruptcy proceeding was not an abuse of discretion.

The Rosses next contend that the trial court erred in awarding fees for only 10 of the 33 claimed hours of work on the summary judgment motions. Again, the Rosses do not meet their burden to show that the award was an abuse of discretion. The pleading entitled "Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment" filed by the Rosses totals eight pages, only five of

---

[9] Appellants' Br. at 13.

which contain argument. The trial court was well within its discretion to determine this would not reasonably take 33 hours to accomplish.

Finally, the Rosses argue the trial court erred when it failed to award fees for 4.5 hours spent revising their fee request in response to the trial court's order. In general, "time spent on establishing entitlement to, and amount of, a court awarded attorney fee is compensable." Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 378, 798 P.2d 799 (1990). The trial court awarded the Rosses fees for 17 hours of work that included time spent preparing their original fee request. But the Rosses' documentation in support of this request was insufficient. In light of this fact, it was not an abuse of discretion for the trial court to discount 4.5 hours as "wasted effort" or "otherwise unproductive time."

Both parties request attorney fees on appeal. The Rosses are not entitled to fees on appeal because they are not the prevailing party. And we decline Maple Valley's request for attorney fees because the Rosses' appeal was not frivolous.

Affirmed.

_Trickey, J_

WE CONCUR:

_Leach, J._                _Dwyer, J._

7