[No. 33605.  Department One.  December 3, 1956.]

NELL G. MORSE, *Appellant*, v. DONALD E. McGRADY *et al.*, *Respondents.*[1]

[1]Reported in 304 P. (2d) 691.

*Hamblen, Gilbert & Brooke*, for appellant.

*J. Orville Humphries*, for respondents.

FINLEY, J.—This is an action to recover damages for an alleged breach of contract.

Plaintiff's complaint states that the defendants contracted to furnish all labor and materials necessary for certain repairs and improvements to plaintiff's home; that a portion of the work was subcontracted with one Jack O'Neil; that, because of incompetent workmanship, the work was unsatisfactory, resulting in damage to plaintiff in the sum of one thousand dollars. Plaintiff further alleged that the downstairs portion of her home, as refinished by the defendants, was unusable; that because of this, she had suffered a loss of rentals totaling eight hundred twenty-five dollars.

The defendants' answer alleged that the plaintiff had not expressed dissatisfaction with the work and, furthermore, entered a general denial as to all of plaintiff's allegations concerning unskilled labor, incompetent workmanship, defects in the repairs and improvements. With the issues thus framed, the case proceeded to trial before a jury.

On cross-examination of the plaintiff, the defendants offered in evidence a signed statement by the plaintiff (defendants' exhibit No. 11), reading, in part, as follows:

"FHA TITLE I COMPLETION CERTIFICATE
"(WORK DONE OR MATERIALS DELIVERED)
"*To* THE OLD NATIONAL BANK  .  .  .
"I (We) hereby certify that all articles and materials have been furnished and installed and the work satisfactorily completed on premises indicated in my (our) Credit Application."

The certificate also contains a warning to the borrower not to sign the certificate "until you are satisfied that the dealer has carried out his obligations to you and that the work or the materials have been satisfactorily completed or delivered." Apparently, the plaintiff signed the certificate at the request of Mr. O'Neil to enable him to receive

payment for the work he had done by presenting the signed certificate to the defendant company.

Counsel for plaintiff objected to the admission of defendants' exhibit No. 11 on the ground that it was not within the issues as contained in the pleadings, and for the further reason that no affirmative defense dealing with any such government form had been set up in the defendants' answer. The trial court ruled that the exhibit was admissible under the general denial entered by the defendants.

The jury's verdict and the judgment rendered thereon were in favor of the defendants. A motion for a new trial was denied.

This appeal is on a short record. The only question is whether the trial court erred in admitting, over plaintiff's objection, defendants' exhibit No. 11.

■ Appellant (plaintiff in the trial court) contends that the certificate (defendants' exhibit No. 11) is a release; that it constituted affirmative matter which should have been specially pleaded by the respondents. Unquestionably, the certificate was executed to permit a release of funds under an F.H.A. Title I loan. However, we agree with respondents (defendants in the trial court) that it was not a release in a legal sense and as the word is used and defined in law. (*Jaqua v. Shewalter*, 10 Ind. App. 234, 36 N. E. 173, 37 N. E. 1072; *Hamilton v. Edmundson*, 235 Ala. 97, 177 So. 743.)

■ In further support of the contention that the certificate should have been specially pleaded, appellant urges that it was executed after the work had been done and that it constituted new matter. We do not agree.

The certificate does not meet the test for determining new matter, as set forth in Bancroft's Code Pleading, § 266, as follows:

"The test of whether matter is new is to be determined by the effect it has upon the issue presented by the complaint; if it controverts the cause of action, and tenders no new issue, it is a traverse; but if, on the other hand, it introduces a new element by way of confession and avoidance, it is new matter, and must be pleaded affirmatively."

508

■■ Under the allegations of the complaint, the burden was upon the appellant to prove that the work was defective. The respondents had the right under their general denial to produce evidence showing that the work was done in a satisfactory manner. The certificate was evidentiary in nature. It had the effect of destroying, not avoiding, appellant's cause of action. It was admissible under the general denial. *Haveman v. Beulow*, 36 Wn. (2d) 185, 217 P. (2d) 313, 19 A. L. R. (2d) 763; *Clark County, Etc., Corp. v. Hiim*, 177 Wash. 251, 31 P. (2d) 905. In the last cited case, this court stated:

"The rule is well established that the general denial puts in issue every fact included within the allegations of the complaint which the plaintiff is bound to prove in order to recover. *Any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial.*" (Italics ours.)

The trial court did not err in holding that defendants' exhibit No. 11 was admissible under the general denial.

The judgment should be affirmed. It is so ordered.

DONWORTH, C. J., SCHWELLENBACH, FOSTER, and ROSELLINI, JJ., concur.