[No. 34602.   Department One.   July 10, 1958.]

KENNETH E. WALLACE et al., Respondents, v. S. A. WEITMAN et al., Appellants.[1]

[1]Reported in 328 P. (2d) 157.

*Chaffee & Aiken,* for appellants.

*Savage & Nuxoll,* for respondents.

MALLERY, J.—Plaintiffs and defendants own adjoining properties, both of which abut on the Snake river. A small stream now flows in its natural channel through the plaintiffs' land to the Snake river. The stream does not touch defendants' land at any point. At the time plaintiffs bought their land in 1952, the stream was in its natural bed. Defendants bought their land in 1954. In 1914, a ditch had been dug through defendants' land, and the total stream had flowed through it for many years. At a point above the plaintiffs' land, the defendants diverted the total flow of the stream back into the old ditch. The plaintiffs then sued to enjoin the diversion, and defendants appeal from an adverse judgment.

Appellants' first assignment of error is directed to the trial court's order sustaining a demurrer to their affirmative defense of prior appropriation. The allegations in the affirmative defense are to the effect that the appropriation relied upon took place *after* all of the land through which the stream flowed had come into private ownership. In *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, we said:

"Moreover, the doctrine of appropriation applies only to public lands, and when such lands cease to be public and

become private property, it is no longer applicable. [Citing case and authority.]"

Under the facts alleged by the appellants, the defense of prior appropriation was not available to them. The demurrer was properly sustained.

■ In assignments of error Nos. 2, 3, and 4, appellants contend the trial court erred in excluding certain testimony of three witnesses. This is predicated upon the theory that the testimony would tend to show that respondents' land was not riparian to the stream. The offers of proof, however, were to the effect that respondents' land is riparian to the natural course of the stream, but that the total flow of water had been diverted from their land by a ditch for a period of about forty years. The evidence offered would introduce a new defense in the nature of a confession and avoidance. Such a defense must be pleaded affirmatively, and is not admissible under a general denial. *Morse v. McGrady*, 49 Wn. (2d) 505, 304 P. (2d) 691. The testimony was properly excluded.

Appellants' assignments of error Nos. 5, 6, 7, and 9 are directed to certain parts of the findings of fact and the judgment. We quote from appellants' brief on appeal:

"The objectionable part of these findings is in essence that (1) an unnamed stream flowed through the land of the plaintiffs, (2) that the plaintiffs are riparian to said stream, and (3) that the plaintiffs have a right to use the water of that stream."

Appellants argue that *if* the demurrer to the affirmative defense had not been sustained or the testimony above referred to excluded, *then* the evidence would not have supported the findings of the trial court. It is not disputed that under the present state of the record the findings of fact are supported by the evidence. Since the rulings on the demurrer and on the proffered testimony were not error, the findings of fact are correct.

Appellants' assignment of error No. 8 relates to the trial court's denial of their motion for a new trial, which is based on the matter contained in the foregoing assignments. The assignment is without merit.

. · In the last assignment of error, appellants contend that the judgment is too vague and indefinite to be enforced, in that it enjoins appellants from shutting off the flow of water from the stream

" . . . so as not to allow sufficient water to be by-passed to cause a steady stream of water to form a constant flow over plaintiffs' property in an amount sufficient to water approximately fifty (50) head of plaintiffs' stock."

■ Appellants contend they do not know what quantity of water must be by-passed in order to comply with the injunction. Appellants cite, in support of this contention, a number of cases which deal with the amount of water that may be diverted under *a right of appropriation*. A right of *appropriation* is a right to a definite quantity of water. A riparian right is not a right to a specific *quantity* of water. It is the right to have the stream flow to and over the riparian land as it is wont to do by nature *for the use* of the owner. *Mally v. Weidensteiner*, 88 Wash. 398, 153 Pac. 342.

"In the absence of any modification of relative rights by contract, grant, license, appropriation, or prescription, and subject to the paramount sovereign authority of the government, at common law every riparian proprietor is entitled to the natural flow of the water of a running stream through or along his land, in its accustomed channel, undiminished in quantity and unimpaired in quality, except as the accustomed flow may be changed by the act of God, *and except as may be occasioned by the reasonable use of the stream by other like proprietors*." (Italics ours.) 93 C. J. S. 608, § 9.

■ This is substantially what the judgment requires in defining the extent of the *use* remaining to the *respondents*. It need not fix the quantity or volume of the water to be by-passed by the appellants.

The judgment is affirmed.

FINLEY, OTT, and HUNTER, JJ., concur.

HILL, C. J., dissents.

---

October 23, 1958. Petition for rehearing denied.