[No. 14-40094-3. Division Three. December 12, 1969.]

SHINN IRRIGATION EQUIPMENT, INC., *Respondent,* v. CLIFFORD A. MARCHAND *et al., Appellants.*

*John R. Lewis,* for appellants.

*John M. Moberg,* for respondent.

EVANS, C. J.—This is an action for debt based upon an open account. In its complaint plaintiff alleged that the defendants were indebted to the plaintiff in the sum of $2,286.87 for material and labor sold and delivered to the defendants, and said sum was due and unpaid. The defendants answered by a general denial and pleaded no affirmative defense.

The case went to trial upon the issues so raised. Plaintiff presented evidence that the charges involved, covering the period between May 1, 1965 and December 15, 1966, were for material and labor furnished at defendants' request, and those charges were due and unpaid. A substantial portion of these charges was not disputed by the defendants. However, a portion of the charges totaling approximately $1,200 related to the rental of a 40 h.p. turbine engine, and included charges for labor and materials involved in its installation. As to these charges, the defendants attempted to show and, upon objection from the plaintiff, made an offer of proof that there was an oral agreement between the parties that if this equipment did not satisfactorily accomplish its purpose, namely, to dewater a lift station, there would be no charge. The defendants offered to prove that this equipment did not in fact dewater the lift station, and required the defendants to contract with another to have the station dewatered. The defendants did not seek damages or setoff, but contended that they were not indebted to the plaintiff for these charges.

The trial court rejected defendants' offer of proof and ruled that the matters contained therein must be pleaded

affirmatively. Defendants refused the plaintiff's offer to agree to amendment upon condition of a continuance on terms, and chose to stand on their general denial. They appeal from a judgment entered in favor of the plaintiff for the full amount claimed, and assign as error the trial court's rejection of their offer of proof as to the oral agreement.

The sole question on appeal relates to the sufficiency of the defendants' answer in view of court rules CR 8(b), CR 8(c) and CR 8(f).

CR 8(b) provides:

> A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all its averments, he may do so by general denial . . .

CR 8(c) sets forth 19 defenses which must be pleaded affirmatively, and requires the pleading of ". . . any other matter constituting an avoidance or affirmative defense."

CR 8(f) provides: "All pleadings shall be so construed as to do substantial justice."

■ The purpose of rule 8 as it relates to denials is apparent: "Denials must be definite enough to inform the adverse party of the issues he must be prepared to meet." 1A Barron & Holtzoff, Federal Practice and Procedure, § 277, at 147. Any matter that does not tend to controvert the

opposing party's prima facie case as determined by applicable substantive law should be pleaded, and is not put at issue by a general denial. 2A Moore's Federal Practice ¶ 8.27[3].

Orland, in his work on Washington Practice, Vol. 3, at 605, has noted that the trend of the law is in favor of a requirement that defendant make his denials in specific form, and that:

> It has been held that under this language [referring to Rule 8] a general denial must cover whole averments or paragraphs; if it is intended to admit a part of an averment or a qualification of an averment, the pleader must specify so much as he admits and specifically deny the remainder. Kirby v. Turner-Day & Woolworth Handle Co., 50 F. Supp. 469 (D.C.Tenn.1943). While recognizing that this may be reading additional words into the Rule, most commentators have approved this construction, on the basis that as a practical matter it will contribute to the clarity of pleading.

Both parties rely on *Morse v. McGrady*, 49 Wn.2d 505, 304 P.2d 691 (1956), in which the plaintiff's complaint for damages due to defective workmanship in constructing improvements on plaintiff's home was answered by a general denial. Defendants were permitted to introduce a document entitled "FHA Completion Certificate," signed by the plaintiff, to the effect that the work had been performed satisfactorily. The court held that the introduction of the certificate was evidentiary in nature and did not constitute a new matter, citing Bancroft's Code Pleading, § 266, at 507, as follows:

> "The test of whether matter is new is to be determined by the effect it has upon the issue presented by the complaint; if it controverts the cause of action, and tenders no new issue, it is a traverse; but if, on the other hand, it introduces a new element by way of confession and avoidance, it is new matter, and must be pleaded affirmatively."

Defendants contend that proof of the oral agreement controverts the cause of action, and tenders no new issue. With

this we cannot agree. The basic averment in the complaint was that the goods were delivered at defendants' request, and the charges were due and unpaid. The defendants' effort to show that a substantial portion of the charges was not due because they were affected by an oral agreement was an attempt to introduce a new matter. It was not directed at destroying the main cause of action, as was the situation in *Morse v. McGrady, supra.* As stated in *Lopez v. United States Fid. & Guar. Co.,* 18 F.R.D. 59 (D.C. Alas. 1959):

> Rule 8(f) requires that all pleadings be so construed as to do substantial justice; and the courts will construe a pleading to give effect to all averments if such construction is reasonable; however, such liberal construction does not permit the pleader to unreasonably catch an unwary litigant; and such liberality of construction must be circumscribed by the plain requirements of the rules. The purpose of an answer is to formulate issues by means of defenses addressed to the allegations of the complaint. Barron and Holtzoff, Fed. Prac. & Proc., Secs. 277, 279, 283, 344, 347, 370. Bernard v. U.S. Aircoach, D.C., 117 F. Supp. 134.

The rules authorize a general denial where it controverts the cause of action and tenders no new issue. However, those rules should not be construed to approve a pro forma denial where, as in the instant case, the effect, if not the purpose, is merely to delay justice.

Defendants' effort to show that the charges in question were subject to an oral agreement was an attempt to inject into the case an issue not raised by the pleadings. It was directed at avoiding rather than destroying plaintiff's claim.

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.